**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **CHRISTOPHER E. HARDY,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **MICHAEL J. ASTRUE,** <br> **Commissioner of Social Security,** <br><br> **Defendant.** | **MEMORANDUM DECISION** <br> **AND ORDER** <br><br> **Case No. 2:11-cv-563-PMW** <br><br><br> **Magistrate Judge Paul M. Warner** |

Before the court is Christopher E. Hardy's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f.  After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

## BACKGROUND

In 2007, Plaintiff applied for DIB and SSI, alleging disability beginning on April 2, 2007.[1]  Plaintiff's applications were denied initially and upon reconsideration.[2]  In July 2008,

---

[1]  *See* docket no. 9, Exhibit Vols. 2-8, Administrative Record ("Tr. ____") 150-64.

[2]  *See* Tr. 81-84.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on April 5, 2010.[4]  On June 29, 2010, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[5]  In April 2011, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On June 17, 2011, Plaintiff filed his complaint in this case, which was assigned to District Judge Clark Waddoups.[7]  After receiving an extension of time,[8] the Commissioner filed his answer on September 26, 2011,[9] and the court received the Administrative Record the same day.[10]

On September 27, 2011, Judge Waddoups referred the case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[11]  Subsequently, on November 3, 2011, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case,

---

[3] *See* Tr. 104.

[4] *See* Tr. 32-79.

[5] *See* Tr. 13-26.

[6] *See* Tr. 1-6

[7] *See* docket no. 2.

[8] *See* docket nos. 6-7.

[9] *See* docket no. 9.

[10] *See* docket no. 9, Exhibit Vols. 2-8.

[11] *See* docket no. 11.

including entry of final judgment, with appeal to the United States Court of Appeals for the

Tenth Circuit.[12]   Consequently, the case was reassigned to Magistrate Judge Warner pursuant to

28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[13]

Plaintiff filed his opening brief on November 1, 2011.[14]   The Commissioner filed his

responsive brief on December 13, 2011.[15]   Plaintiff filed her reply brief on December 28, 2011.[16]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual

findings are supported by substantial evidence in the record and whether the correct legal

standards were applied."   *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and

citation omitted).   The Commissioner's findings, "if supported by substantial evidence, shall be

conclusive."   42 U.S.C. § 405(g).   "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.   It requires more than a

scintilla, but less than a preponderance."   *Lax*, 489 F.3d at 1084 (quotations and citation

omitted).   "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor

substitute [its] judgment for that of the [ALJ]."   *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th

Cir. 2006) (quotations and citation omitted).   "The failure to apply the correct legal standard or to

---

[12]   *See* docket no. 18.

[13]   *See id.*

[14]   *See* docket no. 17.

[15]   *See* docket no. 19.

[16]   *See* docket no. 20.

provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At

4

the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred by failing to: properly evaluate the opinions of Plaintiff's treating sources, include all of Plaintiff's limitations in the RFC assessment, support his step five findings with substantial evidence, and make any mention of the lay witness statements of Plaintiff's brother and mother.

### I.  Treating Source Opinions

In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight.  To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.  If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §§ 404.1527 and 416.927].  Those factors are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight.  If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

Plaintiff argues, among other things, that the ALJ erred by failing to indicate the weight he gave to the opinions of two of Plaintiff's treating sources, Dr. Elizabeth Allen and Dr. Lois Huebner.  The court agrees.  While the ALJ did include a discussion of and some references to the opinions of those two treating sources in his decision, he did not include any discussion about the weight he assigned to those two opinions.  Consequently, the ALJ erred by failing to "give good reasons . . . for the weight assigned to [those treating source opinions] that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to [those] treating source[s'] medical opinion[s] and the reason for that weight."  *Langley*, 373 F.3d at 1119 (quotations and citation omitted) (first alteration in original).  For that reason, the ALJ's decision must be reversed and this case must be remanded.

## II.  Remaining Arguments

In light of the court's decision to reverse and remand this case based on the ALJ's failure to properly consider the treating source opinions of Dr. Allen and Dr. Huebner, the court "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that the Commissioner's decision

in this case is **REVERSED AND REMANDED** for further proceedings consistent with this

memorandum decision and order.

**IT IS SO ORDERED**.

DATED this 26th day of June, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge